UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
FILED
DEC 14 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-225-WOB

WILLIAM KEITH WOODWARD, SR.                              PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

MASON COUNTY DETENTION CENTER, ET AL                     DEFENDANTS

William Keith Woodward, Sr., an individual currently confined to a halfway house in Louisville, Kentucky, has submitted a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*. The motion will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

CLAIMS

The plaintiff claims that the defendants violated his rights while he was in the Mason County Detention Center, in that they permitted him to be severely beaten by another inmate and did not provide medical care afterwards.

## NAMED DEFENDANTS

The named defendants are the Mason County Detention Center; its Jailer Bob Tribby; and Jerry Muse, identified by the plaintiff as the jail's "Commanding Director" in the caption of his complaint and "Coordinating Director" elsewhere.

## FACTUAL ALLEGATIONS

The following is summary or construction of the factual allegations contained in a completed form complaint and handwritten pages attached thereto. Record No. 1.

The plaintiff alleges that on December 4, 2004, while incarcerated at the Mason County Detention Center, he was watching television and enjoying the earned privilege of being the one who selects the channel to which the television would be tuned. Upon his leaving the TV area a few times, however, someone would change the station. When this had happened approximately three times, he saw another inmate, named Josh Greer, in possession of the TV remote control.

As the plaintiff approached him and told him to surrender the remote device, Greer purportedly "got smart" and then the following happened:

> ... We had words. Greer grabbed at me and I pushed him back away from me, I turned away from him to walk away and when I did I was hit from behind by something that knock me out on my feet, when I did finally know where I was, I was mopping up a puddle of my own blood . . . .

Record No. 1, attached page 2. He estimates that approximately 15 minutes had to have passed, during which time the guards should have known that he was hurt, but they told him to clean up the blood and then placed him in "a lock-down cell," rather than obtaining medical care for him.

The plaintiff claims that his face was swollen, his nose broken, and expensive bridge work damaged, but it was still weeks before he was taken for x-rays. After that, he heard nothing about

2

his condition and did not get to see a dentist. As a result, the plaintiff alleges, he has permanent injuries, *i.e.*, he has terrible headaches, "my memory has gotten worse," and his bridge has three chipped teeth and feels bent.

On November 14, 2005, Woodward filed the instant complaint, seeking both compensatory and punitive damages.

## DISCUSSION

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. *See also* 28 U.S.C. §1915A(b)(1).

The Court liberally construes the plaintiff's allegations as making two Eighth Amendment claims, *i.e.*, the defendants have been deliberately indifferent to (1) his serious security needs; and (2) his serious medical needs. Having done so, however, the Court finds that the instant complaint cannot proceed further for several reasons. Before reaching the question of whether the instant plaintiff has stated a cognizable federal claim, the Court must examine whether Mr. Woodward has satisfied a pre-condition to the filing of a prisoner lawsuit.

In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress legislated as follows:

3

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of filing, *i.e.*, a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

In the cause of action *sub judice*, the plaintiff has used a common prisoner complaint form, which contains questions about the available administrative remedies. The plaintiff has responded "yes" to whether there was a grievance procedure at the jail and has then written, "I presented my complaint to the coordinating director at the Mason Co. Detention Center and he agreed the jail was at fault!" That is all the information given by the plaintiff. He has not supplied enough information to know if the lodging of a complaint with the coordinating director was the totality of the administrative process.

Nor does the plaintiff state whether his complaint was about Greer or the lack of medical or dental treatment after Greer's alleged attack. The Sixth Circuit has further interpreted the statute to require "total exhaustion," meaning that every claim made in a lawsuit must be exhausted; whenever

4

there is a single unexhausted claim, despite the presence of exhausted claims, the court must dismiss the entire complaint for failure to exhaust. *Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). *See also Walton v. Bouchard*, 136 Fed.Appx. 846, 848 (6th Cir. 2005) (unpublished) (affirming dismissal of complaint because discrimination claim was unexhausted as to every defendant); *Williams v. Overton*, 136 Fed.Appx. 859, 862 (6th Cir. 2005) (unpublished) (same); *see also Sanchez-Ramos v. Sniezek*, 370 F.Supp.2d 652, 656-57 (N.D. Ohio 2005) (dismissing the prisoner's entire action, an assault claim being exhausted but his retaliation and medical care claims being unexhausted).

The Court finds that the plaintiff herein has failed to satisfy the statutory exhaustion requirement, as he attempted to bring an action without demonstrating that he had totally exhausted the available administrative remedies. He has not alleged exhaustion; has not attached copies of any document used in the administrative remedy process; and has not described what each person in the process said. Exhaustion is not a mere formality. The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999). Not having demonstrated that he alerted the highest official at the jail to problems with Greer and/or with deficiencies in his medical care, the plaintiff may not now be permitted to surprise the jailer and other defendants with a lawsuit for damages.

This Court is also of the opinion that the plaintiff has failed to state a cognizable civil rights claim. The Eighth Amendment, as applied to the States through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment upon prisoners. *Wilson v. Seiter*, 501 U.S.

294 (1991). The Eighth Amendment's protections extend to prisoners' conditions of confinement. *Whitley v. Albers*, 475 U.S. 317 (1986).

However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Taylor v. Mich. Dept. of Corrections*, 69 F.3d 76, 79 (6th Cir. 1995) (quoting *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994)).

In the case *sub judice*, the plaintiff has not stated that any defendant had any foreknowledge that Greer would be dangerous to other inmates, including the plaintiff, or that the plaintiff suffered serious injuries requiring immediate medical attention. These pleading deficiencies may have been cured had the plaintiff exhausted the grievance procedures and thereby provided a record for the Court. However, on the current record, the plaintiff fails to state a cognizable constitutional claim. Therefore, for this reason also, dismissal is appropriate pursuant to 28 U.S.C. §1915A(b)(1).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that the instant cause of action be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 14TH day of December, 2005.

William O. Bertelsman
WILLIAM O. BERTELSMAN, JUDGE

Date of Entry and Service:

6